UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD PRUDEN, | : |
| | : |
|     Plaintiff, | : CIVIL NO. 3:CV-08-0831 |
| | : |
|   v. | : (Judge Caputo) |
| | : |
| SUPERINTENDENT, *et al.*, | : |
| | : |
|     Defendants. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| RONALD PRUDEN, | : |
| | : |
|     Plaintiff, | : CIVIL NO. 3:CV-08-0832 |
| | : |
|   v. | : (Judge Caputo) |
| | : |
| UNKNOWN, *et al.*, | : |
| | : |
|     Defendants. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| RONALD PRUDEN, | : |
| | : |
|     Plaintiff, | : CIVIL NO. 3:CV-08-0916 |
| | : |
|   v. | : (Judge Caputo) |
| | : |
| Dr. ALTERMAN, *et al.*, | : |
| | : |
|     Defendants. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

# **O R D E R**

## **BACKGROUND**

Plaintiff Ronald Pruden, an inmate confined at the Graterford State Correctional Institution ("SCI-Graterford") in Graterford, Pennsylvania, filed the above civil rights actions

pursuant to 42 U.S.C. § 1983.  Named as Defendants in the actions are the Superintendent of SCI-Graterford, and several staff members at that institution, including the Medical Director; Grievance Coordinator, Wendy Mayer; and every psychiatrist and psychologist, including Doctors Alterman, Bower, and Kern, who are specifically named.

Plaintiff seeks to proceed *in forma pauperis* in the actions filed at Civil Nos. 3:08-CV-0831 and 3:08-CV-0916.  In the action filed at Civil No. 3:08-CV-0832, Plaintiff neither filed a motion to proceed *in forma pauperis* nor the required filing fee.  Because Plaintiff has sought to proceed *in forma pauperis* in the numerous lawsuits he has filed in the past year, it is likely that he will seek to proceed as such in the action filed at Civil No. 3:08-CV-0832.  For the reasons set forth below, Plaintiff's requests to proceed *in forma pauperis* in two of the actions, and any request to proceed *in forma pauperis* in the other action, will be denied pursuant to the "three strikes" provision contained in 28 U.S.C. § 1915(g).  However, Plaintiff will have the right to reopen the cases by paying the full filing fee for each case within sixty (60) days.

## ALLEGATIONS IN COMPLAINTS

In Civil Action No. 3:08-CV-0831, Plaintiff alleges that "the institution['s] highest management" allowed him to be abused, beaten and sit in a restricted unit for five years.  They also let doctors "unlawfully charge" him for a chronic illness and refuse him "life threatning [*sic*] medication."  Further, management allowed staff to destroy and steal Plaintiff's personal property.  They let Plaintiff lie in pain for six years while refusing him Parkinson's disease medication.  They also permitted doctors, psychiatrists, and staff to "write slandry" on Plaintiff's file and allowed inmates to assault him.  He claims that these allegations apply "every day of [his] life from yr. 1999 to this day, 24 hr. a day - 365 days a

year." Plaintiff claims that he has spent one year in a suicide cell.

In Civil Action No. 3:08-CV-0832, Plaintiff alleges "eight years of intentional infliction" and that $100 of medical co-payments are owed to him. He further alleges that officers at SCI-Smithfield robbed his cell twice and destroyed his property during transfers.

In Civil Action No. 3:08-CV-0916, Plaintiff alleges that he was "left to lie" for six years between 1999 and October 2005 and was "refused [his] street prescribed Parkinson's disease medication." He also claims that he was treated by uneducated doctors, which has caused his nerves to die. He alleges that he has been subjected to retaliation and to five years of abuse in the restricted housing unit. He does not state when this five years of abuse occurred.

## DISCUSSION

Under 28 U.S.C. § 1915(g), a federal civil action by a prisoner proceeding *in forma pauperis* is barred if he or she:

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has, on more than three occasions, initiated actions which were dismissed either by this Court or by the Third Circuit Court of Appeals under 28 U.S.C. § 1915(e)(2)(B) as being frivolous. These actions include the following:

1) *Pruden v. Schuylkill County Prison Medical Staff, et al*, Civil No. 3:07-CV-0006 (M.D. Pa. February 6, 2007) (complaint seeking injunctive relief as to conduct occurring at prisons other than Plaintiff's current place of incarceration dismissed as moot), *appeal*

*dismissed*, No. 07-3072 (3d Cir. November 6, 2007) (appeal dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B));

      2) *Pruden v. Long, et al,* Civil No. 3:06-CV-2007 (M.D. Pa. March 28, 2007) (defendants' unopposed motion to dismiss granted; Plaintiff's subsequent request to appoint counsel and consolidate his cases denied as moot), *appeal dismissed*, No. 07-3070 (3d Cir. March 27, 2008) (appeal dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)); and

      3) *Pruden v. SCI- Cresson*, *et al,* Civil No. 3:05-CV-1977 (M.D. Pa. October 21, 2005) (complaint dismissed *sua sponte* as frivolous; Plaintiff's request eighteen months after dismissal to appoint counsel and consolidate his cases denied as moot), *appeal dismissed*, No. 07-3069 (3d Cir. March 27, 2008) (appeal dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)).

      The "imminent danger" exception to 1915(g)'s "three strikes" rule is inapplicable in this case. The Third Circuit Court of Appeals has concluded that the requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001)(en banc), *cert. denied*, 533 U.S. 953 (2001). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

      In the instant cases, it is unclear whether Plaintiff's allegation that he was denied "street prescribed" medications over a period of five or six years occurred during some period of time in the past or in the years leading up to the filing of the instant actions. Moreover, Plaintiff's disagreement with the treatment he has received from doctors and

with the co-pay fees that he has been charged for that treatment is insufficient to trigger the "imminent danger" exception.  Also, Plaintiff's allegations with regard to retaliation and abuse by staff and other inmates are too general to suggest a threat that is "real and proximate."  *See Lewis*, 279 F.3d at 531.  While Plaintiff alleges in one of his complaints that "this incident" has been occurring every day from 1999 through present, the fact that his allegations are spread over such a long period of time suggests that he was not in "imminent danger" of serious physical harm at the time of filing.  *See id*.  Upon application of the standards announced in § 1915(g) to Plaintiff's allegations taken as a whole, it is apparent that Plaintiff's present civil rights actions are barred under § 1915(g).  Therefore, the actions will be dismissed without prejudice to Plaintiff's right to reopen the actions by submitting the full filing fees within sixty (60) days.

**NOW, THEREFORE**, **this 27th day of May, 2008, IT IS HEREBY ORDERED AS FOLLOWS:**

    1.    Plaintiff's requests to proceed *in forma pauperis* in the actions filed at Civil No. 3:CV-08-0831 and Civil No. 3:CV-08-0916, and any request to proceed *in forma pauperis* in the action filed at Civil No. 3:CV-08-0832, are **DENIED** in accordance with 28 U.S.C. § 1915(g), and the actions are **DISMISSED** for failure to pay the full filing fee without prejudice to Plaintiff's right to reopen the actions by submitting the full filing fees within sixty (60) days.

    2.    The Clerk of Court shall **CLOSE** the above-captioned cases.

                                       s/ A. Richard Caputo
                                       A. RICHARD CAPUTO
                                       United States District Judge